# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. 3:10-CV-276-F |
| MITSUBISHI HEAVY INDUSTRIES, LTD., and MITSUBISHI POWER SYSTEMS AMERICAS, INC., | § **JURY TRIAL DEMANDED** |
| Defendants. | § |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff General Electric Company ("GE"), by its undersigned attorneys, for its complaint against Defendants Mitsubishi Heavy Industries, Ltd. ("MHI"), and Mitsubishi Power Systems Americas, Inc. ("MPSA") (collectively, "Defendants"), hereby alleges the following:

### Nature of the Action

1. This is an action arising under the patent laws of the United States based upon infringement by Defendants of two patents owned by GE. GE seeks damages for Defendants' infringement and a permanent injunction restraining Defendants from further infringement.

### Parties

2. GE is a New York corporation with its principal place of business in Fairfield, Connecticut. GE engages in the development, manufacture, and distribution of variable speed wind turbines and components. GE is the assignee and owns all right, title, and interest to U.S. Patent Numbers 6,879,055 and 7,629,705 (collectively, "Asserted Patents") and has full rights to sue and recover damages for all past, present, and future infringements of the Asserted Patents.

3. MHI is a Japanese corporation with its principal place of business in Tokyo, Japan. MHI engages in the development, manufacture, and distribution of variable speed wind turbines and components for importation, sale, and use in the United States, including in Texas and in this judicial District, through its U.S.-based subsidiary MPSA named as co-defendant in this action.

4. MPSA is a subsidiary of MHI and is organized and existing under the laws of the state of Delaware with its principal place of business located in Lake Mary, Florida. MPSA engages in the development, manufacture and distribution of variable speed wind turbines and components including in Texas and in this judicial District. MPSA has a registered agent for service of process in this judicial District: CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

## Jurisdiction and Venue

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants as Defendants have regularly engaged in business in this State and District and purposefully availed themselves of the privilege of conducting business in this District, for example, by offering for sale, selling, distributing, and, on information and belief, commissioning variable speed wind turbines at the Goat Mountain wind farm in Coke and Sterling Counties (near San Angelo), Texas in this District and (for MPSA) by maintaining an office of business in Fort Worth, Texas and a registered agent for service of process in Dallas, Texas in this District and Division.

7. Venue is proper in this judicial District under 28 U.S.C. §§ 1391 and 1400.

**The Asserted Patents**

8.     Plaintiff GE is the owner and assignee of United States Patent No. 6,879,055 ("the '055 Patent"), entitled "BASE FRAME FOR MOUNTING THE SHAFT OF THE ROTOR OF A WIND POWER PLANT ONTO THE PLANT TOWER."  The '055 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2005.  A true and correct copy of the '055 Patent is attached as Exhibit A.

9.     Plaintiff GE is the owner and assignee of United States Patent No. 7,629,705 ("the '705 Patent"), entitled "METHOD AND APPARATUS FOR OPERATING ELECTRICAL MACHINES."  The '705 Patent was duly and legally issued by the United States Patent and Trademark Office on December 8, 2009.  A true and correct copy of the '705 Patent is attached as Exhibit B.

**First Count – Infringement of U.S. Patent No. 6,879,055**

10.    On information and belief, Defendants directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, have infringed and continue to infringe the '055 Patent by their manufacture, use, sale, offer for sale, and/or importation of products and services related to variable speed wind turbines, within this judicial District and elsewhere in the United States, that infringe one or more claims of the '055 Patent and by their causing and inducing others to infringe one or more of the claims in the '055 Patent based on others making and/or using variable speed wind turbines supplied by the Defendants within this judicial District and elsewhere in the United States.  An example of an infringing product is Defendants' 2.4MW wind turbine.  Defendants are liable for their infringement of the '055 Patent pursuant to 35 U.S.C. § 271.

11.    For example, and without limitation, in the period since the '055 Patent issued on

April 12, 2005, Defendant MPSA has sold and/or imported into the United States infringing 2.4MW wind turbines, including (i) turbines imported and sold to Edison Mission Energy for installation at its Goat Mountain Wind Ranch (phase II) in Coke and Sterling Counties, Texas, additional turbines imported and sold to Edison Mission Energy, and additional turbines sold to Edison Mission Energy but not yet imported; (ii) turbines imported and sold to PPM Energy (now Iberdrola Renewables) for installation at its Flagship project at the Klondike Wind Power Projects near Wasco, Oregon and its Penascal I and II projects in Kenedy County, Texas, and additional turbines imported and sold to Iberdrola Renewables (formely PPM Energy); (iii) turbines imported and sold to Babcock & Brown for installation at the Gulf Wind project in Kenedy County, Texas, and additional turbines sold to Babcock & Brown but not yet imported. On information and belief, Defendant MPSA provided support for the installation and assembly, and participated in the commissioning, of the wind turbines listed in this paragraph that have been installed, assembled, and commissioned (at the Goat Mountain, Flagship, Penascal I and II, and Gulf Wind projects). Defendant MPSA's past and future acts of indirect infringement, inducement of infringement, and/or contributory infringement also include, as further examples in addition to the examples listed above, supplying its customers listed in this paragraph, in the United States, with infringing 2.4MW wind turbines or components thereof, knowing them to be especially made or especially adapted for use in infringement of the '055 Patent and not a staple article of commerce suitable for substantial noninfringing use; providing its customers listed in this paragraph, in the United States, with documentation for or describing infringing features of 2.4MW wind turbines, including technical specifications, shipping component lists, installation manuals, commissioning manuals, test procedures, and operation and maintenance manuals; and providing its customers listed in this paragraph, in the United States, support and/or assistance

with installing, assembling, commissioning, and onlining infringing 2.4MW wind turbines.

12. On information and belief, Defendant MHI manufactured or will manufacture, and sold or will sell to MPSA and/or others in the United States, each of the infringing 2.4MW wind turbines listed in paragraph 11 above. Working with Defendant MPSA, Defendant MHI also has imported or will import into the United States each of the infringing 2.4MW wind turbines listed in paragraph 11 above. Defendant MHI's acts of past and future indirect infringement, inducement of infringement, and/or contributory infringement also include, as further examples in addition to the examples listed above, supplying its subsidiary MPSA and/or others in the United States with infringing 2.4MW wind turbines or components thereof, knowing them to be especially made or especially adapted for use in infringement of the '055 Patent and not a staple article of commerce suitable for substantial noninfringing use; preparing or assisting its subsidiary MPSA with preparing documentation for or describing infringing features of 2.4MW wind turbines, including technical specifications, shipping component lists, installation manuals, commissioning manuals, test procedures, and/or operation and maintenance manuals, for MPSA to distribute in the United States; and providing the companies listed in paragraph 11 above, in the United States, support and/or assistance with installing, assembling, commissioning, and onlining infringing 2.4MW wind turbines.

13. Defendants' activities have been without express or implied license from GE.

14. Defendants' infringement of the '055 Patent has caused, and unless enjoined will continue to cause, irreparable harm to GE.   GE has no adequate remedy at law and is entitled to a permanent injunction against further infringement.

15. GE has suffered and will continue to suffer substantial damage to its business by reason of Defendants' acts of infringement of the '055 Patent as alleged herein, and GE is

entitled to recover the damages sustained as a result of Defendants' acts pursuant to 35 U.S.C. § 284.

## Second Count – Infringement of U.S. Patent No. 7,629,705

16. On information and belief, Defendants directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, have infringed and continue to infringe the '705 Patent by their manufacture, use, sale, offer for sale, and/or importation of products and services related to variable speed wind turbines, within this judicial District and elsewhere in the United States, that infringe one or more claims of the '705 Patent and by their causing and inducing others to infringe one or more of the claims in the '705 Patent based on others making and/or using variable speed wind turbines supplied by the Defendants within this judicial District and elsewhere in the United States.  An example of an infringing product is Defendants' 2.4MW wind turbine.  Defendants are liable for their infringement of the '705 Patent pursuant to 35 U.S.C. § 271.

17. For example, and without limitation, in the period since the '705 Patent issued on December 8, 2009, Defendant MPSA has commissioned in the United States infringing 2.4MW wind turbines at PPM Energy's Penascal II Wind Farm in Kenedy County, Texas. Defendant MPSA also expects to commission infringing 2.4 MW wind turbines for Iberdrola Renewables (formerly PPM Energy) by the end of 2010.   In addition, Defendants have entered into contracts with Edison Mission Energy and Babcock & Brown that call for the importation, installation, and commissioning of infringing 2.4 MW wind turbines, respectively. Defendant MPSA also has responded to a request for quotation with information about the infringing 2.4MW wind turbine's ability to remain connected to the grid during certain faults on the transmission system, including certain voltage excursions down to zero volts.   Defendant MPSA also has provided draft term

sheets including technical specifications regarding the infringing 2.4MW wind turbine to its customers or potential customers, and provided bid responses and technical specifications to potential customers indicating that the infringing 2.4MW wind turbine complies with FERC Order 661a.  Defendant MPSA has also bid on projects/contracts that required and/or for which Mitsubishi offered infringing 2.4MW wind turbines able to remain connected to the grid during certain faults on the transmission system, including certain voltage excursions down to zero volts. Defendant MPSA's acts of past and future indirect infringement, inducement of infringement, and/or contributory infringement also include, as further examples in addition to the examples listed above, supplying its customers or potential customers listed in this paragraph, in the United States, with infringing 2.4MW wind turbines or components thereof, knowing them to be especially made or especially adapted for use in infringement of the '705 Patent and not a staple article of commerce suitable for substantial noninfringing use; providing its customers listed in this paragraph, in the United States, with documentation for or describing infringing features of its 2.4MW wind turbines; and providing its customers listed in this paragraph, in the United States, support and/or assistance with installing, assembling, commissioning, and onlining infringing 2.4MW wind turbines.

18. On information and belief, Defendant MHI manufactured or will manufacture, and sold or will sell to MPSA and/or others in the United States, each of the infringing 2.4MW wind turbines listed in paragraph 17 above. Working with Defendant MPSA, Defendant MHI also has imported or will import into the United States each of the infringing 2.4MW wind turbines listed in paragraph 17 above. Defendant MHI's acts of past and future indirect infringement, inducement of infringement, and/or contributory infringement also include, as further examples in addition to the examples listed above, supplying its subsidiary MPSA and/or

others in the United States with infringing 2.4MW wind turbines or components thereof, knowing them to be especially made or especially adapted for use in infringement of the '705 Patent and not a staple article of commerce suitable for substantial noninfringing use; preparing or assisting its subsidiary MPSA with preparing documentation for or describing infringing features of its 2.4MW wind turbines; and providing the companies listed in paragraph 17 above, in the United States, support and/or assistance with installing, assembling, commissioning, and onlining infringing 2.4MW wind turbines.

19.   Defendants' activities have been without express or implied license from GE.

20.   Defendants' infringement of the '705 Patent has caused, and unless enjoined will continue to cause, irreparable harm to GE.   GE has no adequate remedy at law and is entitled to a permanent injunction against further infringement.

21.   GE has suffered and will continue to suffer substantial damage to its business by reason of Defendants' acts of infringement of the '705 Patent as alleged herein, and GE is entitled to recover the damages sustained as a result of Defendants' acts pursuant to 35 U.S.C. § 284.

## Jury Demand

22.   GE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## Prayer for Relief

23.   WHEREFORE, Plaintiff GE respectfully requests the following relief:

   A.   That Defendants be adjudged to have infringed the '055 and '705 Patents;

   B.   That Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participating with any of them, be permanently restrained and enjoined from infringing in any manner the '055 and '705 Patents;

C. An accounting for damages by virtue of Defendants' infringement of the '055 and '705 Patents;

D. An award of damages pursuant to 35 U.S.C. § 284 to compensate Plaintiff for Defendants' infringement of the '055 and '705 Patents;

E. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284 and 28 U.S.C. § 1961;

F. That Defendants be directed to pay Plaintiff's attorneys' fees incurred in connection with lawsuit should the Court determine that this is an "exceptional case" pursuant to 35 U.S.C. § 285; and

G. Such other costs and further relief that this Court may deem just and proper.

Dated:   May 17, 2010

Respectfully submitted,

 /s/ T. Ray Guy
T. Ray Guy
Texas Bar #08648500
Christopher L. Evans
Texas Bar #24058901
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
ray.guy@weil.com
chris.evans@weil.com

OF COUNSEL:

David J. Ball
Texas Bar # 00783590
Anish R. Desai
District of Columbia Bar # 484078
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW
Suite 900
Washington, DC   20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
david.ball@weil.com
anish.desai@weil.com

Nicholas Groombridge
New York State Bar # 2171346
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York   10153
Telephone: (212) 310-8906
Facsimile: (212) 310-8007
nicholas.groombridge@weil.com

**ATTORNEYS FOR PLAINTIFF
GENERAL ELECTRIC COMPANY**