IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>MITSUBISHI HEAVY INDUSTRIES, LTD., and MITSUBISHI POWER SYSTEMS AMERICAS, INC.,<br><br>*Defendants.* | CIVIL ACTION NO. 3:10-CV-276-F<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MITSUBISHI HEAVY INDUSTRIES, LTD.'S ANSWER TO THE AMENDED COMPLAINT OF GENERAL ELECTRIC COMPANY**

Defendant Mitsubishi Heavy Industries, Ltd. ("Defendant" or "MHI") respectfully submits the following Answer to Plaintiff General Electric Company's ("Plaintiff" or "GE") Amended Complaint for Patent Infringement ("Amended Complaint").

**I.**

**ADMISSIONS & DENIALS**

**Nature of the Action**

1.  MHI admits that GE alleges this to be an action arising under the patent laws of the United States, and admits that GE seeks damages and a permanent injunction. MHI denies that MHI has infringed two patents owned by GE, denies that GE is entitled to the relief sought, and denies all other allegations in paragraph 1.

## Parties

2. MHI admits that GE is a New York corporation with its principal place of business in Fairfield, Connecticut. MHI lacks sufficient information or knowledge to admit or deny all other allegations in paragraph 2, and on that basis denies them.

3. MHI admits that it is a Japanese corporation with a principal place of business in Tokyo, Japan. MHI engages in development and manufacture of variable speed wind turbines and components for importation, sale, and use in the United States, including in Texas and in this judicial District. Mitsubishi Power Systems Americas, Inc. ("MPSA") is a subsidiary of Mitsubishi Heavy Industries America, Inc. ("MHIA"), a wholly owned subsidiary of MHI. MHI admits that MPSA is engaged in the distribution of variable speed wind turbines and components of such turbines and is a co-defendant in this action. MHI denies all other allegations of paragraph 3.

4. MHI admits that MPSA is organized and existing under the laws of the state of Delaware with its principal place of business located in Lake Mary, Florida. MPSA is a subsidiary of MHIA, a wholly owned subsidiary of MHI. MHI admits that MPSA engages in the distribution of variable speed wind turbines and components including in Texas and in this judicial District. MHI admits that MPSA's registered agent for service in this judicial District is CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201. MHI denies all other allegations of paragraph 4.

## Jurisdiction and Venue

5. MHI admits that GE alleges this claim to arise under Title 35 of the United States Code. MHI admits that this Court has subject matter jurisdiction over claims brought under the United States patent laws. MHI denies all other allegations in paragraph 5.

6. MHI admits that this Court has personal jurisdiction over MHI for the purposes of this litigation. MHI admits that MPSA has entered contracts to provide wind turbines for the Goat Mountain wind farm in Coke and Sterling Counties (near San Angelo), Texas, in this District. MHI admits that MPSA maintains a registered agent for service of process in Dallas, Texas, in this District and Division. MHI denies all other allegations in paragraph 6.

7. MHI admits that venue is proper in this District and Division for GE's claims against MHI under 28 U.S.C. §§ 1391 and 1400. MHI denies all other allegations in paragraph 7.

### The Asserted Patents

8. MHI admits that a copy of what purports to be U.S. Patent No. 6,879,055 ("the '055 patent") is claimed to be attached to the Amended Complaint as Exhibit A. MHI admits that, on its face, the '055 patent is titled "BASE FRAME FOR MOUNTING THE SHAFT OF THE ROTOR OF A WIND POWER PLANT ONTO THE PLANT TOWER," purports to be assigned to GE, and purports to have issued on April 12, 2005. MHI lacks sufficient information or knowledge to admit or deny all other allegations in paragraph 8, and on that basis denies them.

9. MHI admits that a copy of what purports to be U.S. Patent No. 7,629,705 ("the '705 patent") is claimed to be attached to the Amended Complaint as Exhibit B. MHI admits that, on its face, the '705 patent is titled "METHOD AND APPARATUS FOR OPERATING ELECTRICAL MACHINES," purports to be assigned to GE, and purports to have issued on December 8, 2009. MHI lacks sufficient information or knowledge to admit or deny all other allegations in paragraph 9, and on that basis denies them.

### First Count — Asserted Infringement of U.S. Patent No. 6,879,055

10. Denied.

11. MHI admits that since April 12, 2005, MPSA has entered into contracts for the sale of 2.4 MW turbines, including:

>   (i) to Edison Mission Energy for installation at its Goat Mountain Wind Ranch (phase II) in Coke and Sterling Counties, Texas, and other United States locations;
>
>   (ii) to PPM Energy (and/or its successor-in-interest, Iberdrola Renewables) for installation at its Flagship project at the Klondike Wind Power Projects near Wasco, Oregon, its Peñascal I and II projects in Kenedy County, Texas, and other United States locations; and
>
>   (iii) to Babcock & Brown for installation at the Gulf Wind project in Kenedy County, Texas, and other United States locations.

MHI admits that MPSA has imported and sold one or more 2.4 MW wind turbines for each of the Goat Mountain, Klondike, Peñascal I and II, and Gulf Wind projects, and has imported additional 2.4 MW turbines for one or more other projects in the United States.

MHI admits that MPSA participated in the commissioning of the wind turbines listed in paragraph 11 that have been commissioned. MHI admits that MPSA has supplied its customers with components of 2.4 MW wind turbines. MHI admits that MPSA has provided these three customers with support and/or assistance with commissioning and onlining of 2.4 MW wind turbines.

MHI denies all other allegations of paragraph 11.

12. MHI admits that it manufactured components of each of the 2.4 MW wind turbines that MPSA has imported into the United States. MHI admits that it has worked with MPSA to import components for the 2.4 MW wind turbines that MPSA has imported into the United States. MHI admits that it has provided MPSA with components of 2.4 MW wind

turbines. MHI admits that it has assisted MPSA with preparing documentation for or describing features of the 2.4 MW wind turbines, including technical specifications, shipping component lists, installation manuals, commissioning manuals, test procedures, and/or operation and maintenance manuals. MHI denies all other allegations of paragraph 12.

13.  MHI admits that it has no express license from GE to practice the claims of the '055 patent. MHI denies all other allegations in paragraph 13.

14.  Denied.

15.  Denied.

**Second Count — Asserted Infringement of U.S. Patent No. 7,629,705**

16.  Denied.

17.  MHI admits that since December 8, 2009, MPSA has commissioned in the United States 2.4 MW wind turbines, including at Iberdrola Renewables' Peñascal II Wind Farm in Kenedy County, Texas. MHI further admits that:

> (i) MPSA is expected to commission one or more additional 2.4 MW wind turbines for Iberdrola Renewables by the end of 2010; and

> (ii) Before the issuance of the '705 patent, MPSA entered contracts with Edison Mission Energy and Babcock & Brown to provide 2.4 MW wind turbines.

MHI further admits that, before the '705 patent issued, MPSA supplied Iberdrola Renewables, Babcock & Brown, and Edison Mission Energy with components of 2.4 MW wind turbines, documentation for or describing the 2.4 MW wind turbines, and support and/or assistance with commissioning and onlining 2.4 MW wind turbines.

MHI denies all other allegations of paragraph 17.

**DEFENDANT MITSUBISHI HEAVY INDUSTRIES, LTD.'S ANSWER
TO THE AMENDED COMPLAINT OF GENERAL ELECTRIC COMPANY**                                                    Page 5

18. MHI admits that it manufactured components of each of the 2.4 MW wind turbines that MPSA has imported into the United States. MHI admits that it has worked with MPSA to import components for the 2.4 MW wind turbines that MPSA has imported into the United States. MHI admits that it has provided MPSA with components of 2.4 MW wind turbines. MHI admits that it has assisted MPSA with preparing documentation describing features of the 2.4 MW wind turbines. MHI denies all other allegations of paragraph 18.

19. MHI admits that it has no express license from GE to practice the claims of the '705 patent. MHI denies all other allegations in paragraph 19.

20. Denied.

21. Denied.

## Jury Demand

22. MHI admits that GE requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## Prayer for Relief

23. MHI denies that GE is entitled to any of the relief requested.

## II.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, MHI alleges that:

### *First Affirmative Defense*

24. MHI has not infringed—directly, indirectly, contributorily, or by inducement—any valid claim of the '055 patent or '705 patent (collectively, "the asserted patents") literally or under the doctrine of equivalents.

*Second Affirmative Defense*

25. The claims of the asserted patents are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code.

*Third Affirmative Defense*

26. GE's infringement claims under the asserted patents are barred by estoppel, waiver, and/or acquiescence. For example, the prior art, the prosecution histories of the patent applications that issued as the asserted patents, and various statements and arguments made by GE and affiliated parties regarding the asserted patents preclude GE from asserting a construction of any claim of the asserted patents that would cover any accused product or method.

*Fourth Affirmative Defense*

27. The '055 patent purports to have issued in April of 2005, and GE has been aware of the 2.4 MW wind turbines imported by MPSA since at least February of 2008. Due to GE's delay in bringing this suit, GE's infringement claims under the '055 patent are barred, in whole or in part, by the defense of laches.

*Fifth Affirmative Defense*

28. GE and its licensees have failed to comply with the marking and/or notice requirements set forth in 35U.S.C. § 287. Therefore, GE is barred from recovering any damages for any period prior to the filing of the Amended Complaint.

*Sixth Affirmative Defense*

29. GE's claims should be dismissed for failure to state a claim upon which relief can be granted.

## III.

## DEMAND FOR JURY TRIAL

MHI requests a trial by jury of all issues that may be properly tried by a jury in this action.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, MHI prays for judgment against GE:

(1) Dismissing GE's Amended Complaint with prejudice;

(2) Declaring that the claims of the asserted patents are invalid;

(3) Declaring that the claims of the asserted patents are not infringed by MHI;

(4) Declaring that GE's claims under the asserted patents are barred;

(5) Declaring that GE is barred from recovering any damages for any period prior to the filing of the Amended Complaint, based on its failure to comply with 35 U.S.C. § 287;

(6) Declaring that this is an exceptional case as defined by 35 U.S.C. § 285 and awarding MHI its attorneys fees and full costs of suit; and

(7) Awarding MHI such and other further relief as this Court deems just and appropriate.

MHI reserves the right to supplement or amend this Answer, if necessary, after further investigation and as more information becomes known regarding GE's claims.

Respectfully submitted,

By:   /s/Vic H. Henry
      Vic H. Henry
      TBA No. 09484250
      vhhenry@hoaf.com
      Lane Fletcher
      TBA No. 07139300
      lanefletcher@hoaf.com
**HENRY ODDO AUSTIN & FLETCHER**
**a Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

**OF COUNSEL:**
Roger D. Taylor
Gabriel K. Azar
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, L.L.P.**
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3263
Phone: (404) 653-6400
Facsimile: (404) 653-6444

Thomas W. Winland
Naoki Yoshida
Jeffrey C. Totten
Tyler M. Akagi
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, L.L.P.**
901 New York Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 408-4000
Facsimile: (202) 408-4400

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via the Court's ECF system on all known counsel of record in accordance with the Federal Rules of Civil Procedure on this the 7th day of June 2010.

/s/Vic H. Henry
Vic H. Henry