

ROGER D. TAYLOR
404.653.6480
roger.taylor@finnegan.com

December 20, 2010

Honorable W. Royal Furgeson, Jr.     **BY HAND**
United States District Judge
  for the Northern District of Texas
1100 Commerce Street, Rm. 1359
Dallas, TX 75242-1001

      Re:    *General Electric Co. v. Mitsubishi Heavy Industries, Ltd. et al.*
             Civil Action No. 3:10-cv-00276-F (N.D. Tex.)

Dear Judge Furgeson:

      Defendants (collectively, "Mitsubishi") request permission to file a motion for summary judgment of noninfringement of U.S. Patent No. 6,879,055 ("the '055 patent") and U.S. Patent No. 7,629,705 ("the '705 patent"), the two patents asserted by General Electric Co. ("GE") in this case. If granted, Mitsubishi's motion will dispose of all issues in this case.

      There are no material disputed issues of fact as to how Mitsubishi's wind turbines are constructed or operate, both of which are revealed in mechanical drawings and source code that Mitsubishi has produced to GE. The only dispute as to infringement is how GE's patents should be construed—an issue of law that the parties have addressed in their opening and responsive claim construction briefs. As the Federal Circuit has explained, "[w]here the parties do not dispute any relevant facts regarding the accused product . . . but disagree over possible claim interpretation, the question of literal infringement collapses into claim construction and is amenable to summary judgment." *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir . 1997). Thus, the Court can save judicial and party resources by permitting Mitsubishi to file a motion for summary judgment of noninfringement that will be decided concurrently with, or shortly following, the Court's claim construction ruling.

      Briefing on Mitsubishi's motion for summary judgment also will give the Court important context for understanding the parties' claim construction positions—including information about the infringement disputes central to this case. *See Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991) ("it is efficient to focus on the construction of only the disputed elements or limitations of the claims").

## U.S. Patent 6,879,055

      The parties agree on the construction of the following claim terms in the '055 patent: (1) the "base frame" is "a support structure that carries the drive train and azimuthal drive device" of a wind turbine; and (2) the elongated "connection point" is the connection between the upper and lower parts of the base frame. The undisputable facts establish that Mitsubishi's base frame, which is constructed of three parts (two upper parts in "rear" and "forward"

Honorable W. Royal Furgeson, Jr.
December 20, 2010
Page 2

modules, and a lower part in the "yaw" module), lacks such an elongated "connection point."

In its contentions, GE has pointed to three "connections" in the Mitsubishi wind turbine as alternative bases for alleging infringement. None of these connections, alone or in combination, satisfies the claim requirements.

The first alleged connection, between Mitsubishi's rear and yaw modules, does not exist. The base frame of Mitsubishi's rear module connects only to the base frame of the front module. Mitsubishi's rear and yaw modules connect only via their fiberglass covers ("at the periphery," in GE's words), as discussed below.

The second alleged connection, between Mitsubishi's front and yaw modules, is the only "connection point" between the upper and lower parts of Mitsubishi's base frame. But unlike the base frame "connection point" claimed in the '055 patent, Mitsubishi's base frame connection point is **not** elongated—it is circular, as shown below in red in a drawing produced to GE.



Moreover, a circular connection point, as a matter of law, cannot infringe under the "doctrine of equivalents" because a finding of equivalence would vitiate the "elongation" limitation.

The third alleged connection, "at the periphery" as shown in green below, is actually a connection between sections of a fiberglass cover that protects the wind turbine components from wind and rain.



This cover is not part of the "base frame" because it neither acts as a "support structure" nor "carries the drive train and azimuthal drive device," as required by the parties' agreed-upon claim construction. Thus, this connection between sections of the peripheral cover is not a "connection point" between the upper and lower parts of the base frame. Moreover, a

connection between sections of the cover, as a matter of law, cannot infringe under the "doctrine of equivalents" because a finding of equivalence would vitiate the "base frame" limitation.

Thus, GE's allegation that Mitsubishi infringes the '055 patent is ripe for summary judgment briefing.

### U.S. Patent 7,629,705

In its opening claim construction brief, Mitsubishi has shown that the asserted claim in the '705 patent requires configuring a wind turbine without imposing limits on the length of time it can remain connected to the utility grid when grid voltage fluctuates. More specifically, by claiming an electrical machine that "remains connected . . . during and subsequent to a voltage amplitude . . . operating outside of a predetermined range for an undetermined period of time," the '705 patent excludes wind turbines that impose time limits on the duration that the turbine remains connected to the grid during voltage fluctuations.

The undisputed facts establish that Mitsubishi's wind turbine imposes time limits on how long the turbine remains connected to the utility grid when grid voltage fluctuates. As revealed in computer source code produced to GE, these time limits are written into the source code that controls the Mitsubishi wind turbine. Thus, if the Court adopts Mitsubishi's proposed claim construction, Mitsubishi's wind turbine does not literally infringe the claim. Moreover, a wind turbine that imposes time limits on how long the turbine remains connected to the utility grid when grid voltage fluctuates, as a matter of law, cannot infringe under the doctrine of equivalents because a finding of equivalence would vitiate the limitation requiring that the turbine "remain[] connected . . . for an undetermined period of time."

Thus, GE's allegation that Mitsubishi infringes the '705 patent is ripe for summary judgment briefing.

For the foregoing reasons, Mitsubishi respectfully requests leave to file a motion for summary judgment that its wind turbine does not infringe either of GE's asserted patents.

While the Court's rules require a party opposing leave to file a motion for summary judgment in a patent case to file its responsive brief within five days of receiving the moving party's brief, Mitsubishi has no objection to moving the deadline for GE's responsive brief to January 4, 2011 in light of the holiday season.

Respectfully submitted,

*Roger D. Taylor /JCT*

Roger D. Taylor

cc: GE Counsel of record (via e-mail)

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP