UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | § | |
| Plaintiff, | § | |
| | § | CIV. ACTION NO. 3:10-CV-276-F |
| v. | § | |
| | § | |
| MITSUBISHI HEAVY INDUSTRIES, | § | |
| LTD. ET AL., | § | |
| Defendants. | § | |

**SUPPLEMENTAL ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF
FROM OFFERING EVIDENCE OR ARGUMENT RELATING TO COPYING**

BEFORE THE COURT is Defendants Mitsubishi Heavy Industries, Ltd.'s and Mitsubishi Power Systems Americas, Inc.'s (collectively "Mitsubishi") Motion to preclude Plaintiff General Electric Company's ("GE") from offering evidence or argument that Defendants "copied" GE's patents or products, filed on January 27, 2012 (Doc. No. 444). This Motion was partly resolved on February 21, 2012 by the Court's Order on Defendants' Motions in Limine (Doc. No. 484). As instructed in that Order, the parties met and conferred to determine which of GE's potential trial exhibits remained in dispute. Mitsubishi identified ten exhibits on GE's exhibit list to which it objects, and GE has identified an additional five exhibits that it intends to use as evidence that Mitsubishi copied the '705 patent or the technology claimed therein. GE agreed to withdraw eight of the ten documents Mitsubishi objected to, and submitted the remaining seven documents to the Court for *in camera* review, along with a letter brief explaining their intended use on February 23, 2012. Mitsubishi filed a Response the same day (Doc.

1

No. 494), and GE filed a Reply on February 24, 2012 (Doc. No. 496). After considering the parties' briefs and reviewing the documents, the Court is of the opinion that Mitsubishi's Motion to preclude GE from offering evidence or argument relating to copying is GRANTED IN PART and DENIED IN PART.

*1. Mitsubishi's 2007Annual Report*

Mitsubishi objects to GE's use of the following statement from Mitsubishi's 2007 Annual Report: "[a]t MHI, we believe the biggest risk we face in terms of intellectual property is infringement of patents held by other companies. We therefore carry out exhaustive checks of existing patents during the basic product planning, design and manufacturing phases to prevent any possible infringement." GE argues that this statement establishes the intent element of its claim that Mitsubishi induced infringement.

A brief review of the law governing induced infringement provides context for the Court's analysis. 35 U.S.C. § 271(b) provides that "whoever actively induces infringement of a patent shall be liable as an infringer." *Warner-Lamber Co. v. Apotex Corp.*, 326 F.3d 1348, 1363 (Fed. Cir. 2003) (quoting 35 U.S.C. § 271(b) (2006)). A patentee asserting induced infringement must show that the defendant's actions induced infringing acts and that the defendant knew that the induced acts constituted patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2068 (2011). Knowledge that the induced acts constituted patent infringement is imputed to those defendants who are "willfully blind." *Id.* at 2069. In order to establish that the defendant was willfully blind, the plaintiff must show that (1) the defendant subjectively believed

that there was a high probability that the infringing technology was patented and (2) the defendant acted deliberately to avoid learning of that fact. *Id.* at 2070.

GE wants to use the above-quoted language from Mitsubishi's annual report as evidence that Mitsubishi was "willfully blind" to the fact that its products infringed GE's patent. Mitsubishi counters that because the report does not specifically reference the '705 patent, it has already been excluded by the Court's previous Order. Mitsubishi further argues that the annual report cannot establish willful blindness with respect to the '705 patent because it was published before the patent was issued.

As an initial matter, the Court rejects Mitsubishi's contention that the annual report was already excluded by the Court's previous Order on Defendants' Motions in Limine because it does not refer specifically to the '705 patent. Because GE intends to use the report in its attempt to prove that Mitsubishi was aware that there was a high probability that its products infringed the '705 patent, the Court will consider it.

The Court also rejects Mitsubishi's contention that the report does not evidence willful blindness because it was published before the patent was issued. The Court finds that Mitsubishi's general awareness of the risk of infringement as expressed in its annual report is probative of its awareness of the risk of infringing or inducing infringement of the '705 patent, even though it had not yet been issued. Therefore, Mitsubishi's objection to GE's use of its 2007 Annual Report is OVERRULED.

    2. *"Business Plan 2008" Sales/Profit and Loss Plan*

Mitsubishi also objects to references to GE in a document entitled "Business Plan 2008" Sales/Profit and Loss Plan. In its letter brief, GE explains that it "does not

understand those references to GE to relate to the subject matter of Mitsubishi's motion in limine." GE's Letter Br., at 1. Mitsubishi did not challenge this representation in its Response. The Court assumes this means that GE does not intend to offer this report as evidence that Mitsubishi copied the '705 patent or associated products. Therefore, Mitsubishi's objections to this document are OVERRULED.

### 3. *Emails Indicating Mitsubishi "Targeted" GE's ZVRT Technology*

The remaining five documents that GE has identified as evidence that Mitsubishi copied the '705 patent or the technology it claims consist of internal emails between Mitsubishi employees discussing the company's interest in GE's zero voltage ride through (ZVRT) technology. GE argues that, like the annual reports, these emails are probative of Mitsubishi's awareness of the risk of infringement, and also tend to prove that GE lost profits because Mitsubishi copied GE's ZVRT technology. Mitsubishi contends that these emails are not relevant to GE's inducement claim because they were drafted before the patent was issued. Mitsubishi further argues that these documents are not relevant to GE's claim for lost profit damages because the "Mitsubishi wind turbine meets the same industry-wide standards for ZVRT as all other wind turbines sold in the United States." Mit.'s Resp., at 4.

The Court has reviewed the emails and finds that they are probative of Mitsubishi's awareness of the risk of infringement and the appropriate allocation of damages if Mitsubishi is found to have infringed the '705 patent. Therefore, Mitsubishi's Motion to preclude GE's use of this evidence is DENIED. However, these documents must stand on their own. Argument asserting that Mitsubishi copied GE's patents or

4

products has the potential to amplify any prejudicial effects of this evidence well beyond its probative value. Accordingly, the Court directs GE not to raise arguments that Mitsubishi "copied" GE's patents or products. GE may refer to this evidence using the language contained in the documents themselves. To the extent that GE is precluded from raising arguments that Mitsubishi "copied" the '705 patent or products, Mitsubishi's Motion is GRANTED.

    IT IS SO ORDERED.

    SIGNED this 27th day of February, 2012.

_____
Royal Furgeson
Senior United States District Judge