UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br>　　Plaintiff,<br><br>v.<br><br>MITSUBISHI HEAVY INDUSTRIES,<br>LTD. ET AL.,<br>　　Defendants. | §<br>§<br>§　CIV. ACTION NO. 3:10-CV-276-F<br>§<br>§<br>§<br>§<br>§<br>§ |

## ADVISORY ORDER REGARDING
## DEFENDANTS' PROPOSED NON-INFRINGEMENT POSITION

BEFORE THE COURT is the parties' dispute over the proper scope of Defendants Mitsubishi Heavy Industries, Ltd.'s and Mitsubishi Power Systems Americas, Inc.'s (collectively "Mitsubishi") non-infringement position in light of the Court's Claim Construction and Summary Judgment Orders. The Court heard argument regarding this matter at a hearing on Monday, February 27, 2012. After considering the parties' arguments, the Court is of the opinion that Mitsubishi's non-infringement position conflicts with the Court's claim construction.

Claim 1 of the '705 patent requires that "the electrical machine remain[] electrically connected to the electric power system operating outside of a predetermined range for an undetermined period of time." U.S. Patent No. 7,629,705 col.1 1.41–67 (filed Oct. 20, 2006). Mitsubishi informs the Court that it intends to "present evidence that its wind turbine is not configured to remain connected to the grid 'during and subsequent to' grid-voltage fluctuations of an undetermined period of time (as required by the claim), but instead is configured to remain connected only for grid voltage fluctuations of less than [150 milliseconds]." Mitsubishi's Email to the Court, Feb. 22,

1

2012. Plaintiff General Electric Company ("GE") responds that such evidence would conflict with the Court's construction of the term "undetermined period of time."

The Court construed the claim term "undetermined period of time" in its Claim Construction Order issued on May 9, 2011 (Doc. No. 155). There the Court determined that "the 'undetermined' period of time refers to the voltage fluctuation taking place on the grid itself, not within the connection between the grid and the wind turbine." Ct.'s Claim Construction Order, at 14. The Court construed the term as "an indeterminable or unknowable period of time." *Id.* In reaching this construction, the Court explained that "the purpose of the '705 patent is to continue connectivity in the specific context of [voltage fluctuations] which are temporary by nature." *Id.* at 13. The Court's construction establishes that claim 1 of the '705 patent encompasses *all* temporary voltage fluctuations of an indeterminable or unknowable period of time. This construction necessarily includes those that last for less than 150 milliseconds. Mitsubishi's non-infringement position implicitly advocates for a different, narrower construction of the claim term "undetermined period of time," which excludes temporary voltage fluctuations that last for less than 150 milliseconds. Therefore, the Court is of the opinion that Mitsubishi's proposed non-infringement position conflicts with the Court's claim construction and may not be presented to the jury.

IT IS SO ORDERED.

SIGNED this 27th day of February, 2012.

*Royal Furgeson*
Royal Furgeson
Senior United States District Judge

2