IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br><br>        *Plaintiff*,<br><br>    v.<br><br>MITSUBISHI HEAVY INDUSTRIES,<br>LTD., and MITSUBISHI POWER SYSTEMS<br>AMERICAS, INC.,<br><br>        *Defendants*. | CIVIL ACTION NO. 3:10-CV-276-F<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OF
NON-INFRINGEMENT OF U.S. PATENT NO. 7,629,705, AND BRIEF IN SUPPORT**

      Defendants Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc. (collectively, "Mitsubishi") move under Rule 50(a) of the Federal Rules of Civil Procedure for judgment as a matter of law that claim 1 of U.S. Patent No. 7,629,705 (the "'705 patent") is not infringed.[1]  The grounds for this motion are as follow:

    1. GE failed to present any evidence that Mitsubishi performed every step of the method of claim 1 in the United States; and

    2. GE failed to present any evidence that Mitsubishi performed every step of the method of claim 1 during the term of the '705 patent.

---

[1] Under Rule 50(a)(1), the Court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."

- 1 -

## ARGUMENT

### I. Law Applicable to GE's Infringement Claim

GE bears the burden to prove that Mitsubishi performed every step of the method of claim 1 in the United States and that Mitsubishi did so during the pendency of the patent. As the Federal Circuit has repeatedly held, "'[f]or infringement of a process invention, all of the steps of the process must be performed." *Monsanto Co. v. Syngenta Seeds, Inc.*, 503 F.3d 1352, 1359 (Fed. Cir. 2008) (quoting *EMI Group N. Am., Inc. v. Intel Corp.*, 157 F.3d 887, 896 (Fed. Cir. 1998)). Moreover, the infringement statute only prohibits the unauthorized use of a patented invention "within the United States . . . during the term of the patent therefor." 35 U.S.C. § 271(a). Accordingly, "infringement of a multi-step method claim cannot lie by the performance of a single step after issuance of the patent when the initial steps were performed prior to issuance." *Monsanto*, 503 F.3d at 1360. And a patented process "cannot be used 'within' the United States as required by section 271(a)"—and thus, cannot be infringed— "unless each of the steps is performed within this country." *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005).

### II. GE Failed to Introduce Evidence That Mitsubishi Performed Each Claimed Step in the United States During the Term of the '705 Patent

Claim 1 requires, *inter alia*, the following steps:

> coupling the control system in electronic data communication with at least a portion of the electrical machine; and

> configuring the electrical machine and the control system such that the electrical machine remains electrically connected to the electric power system . . . .

'705 Patent, PTX002.00012. While GE averred generally that each of these steps is performed during commissioning of the accused Mitsubishi wind turbine, the testimony of GE's technical

expert lacks basis in fact or law.  As a result, GE failed to submit any evidence of where or when each step was performed, and GE cannot prove its infringement claims.

GE's expert, Dr. Grady, testified that he did not consider it his job to determine where the claim steps were performed.  Grady Tr. (P.M.) 7:9-22 (Mar. 1, 2012); see *id*. at 8:4-7.  Specifically, Dr. Grady testified that he did not know where the step of coupling the control system with the electrical machine was performed.  Grady Tr. (P.M.) 20:6-18 (Mar. 1, 2012).  And Dr. Grady also testified that he did not know where the electrical machine and the control system were configured.  *Id.* 19:7-19.  Dr. Grady similarly testified that he did not consider when the steps of the method were performed.  *Id.* 22:4-8.

Dr. Grady's analysis falls well short of the requirements of Rule 702 of the Federal Rules of Evidence.  He failed to consider the timing and locus of the alleged infringement, as required by *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005).  Instead, Dr. Grady speculated that the steps *could* be done during commissioning.  But GE presented no evidence that these two method steps were performed in the United States, or that they were performed after the patent issued.[2]  Thus, Dr. Grady lacked the necessary factual predicate for his opinion that Mitsubishi has infringed claim 1.

### III. Conclusion

Mitsubishi has established the following grounds, any one of which is sufficient to grant this motion:

> 1. There is no evidence that Mitsubishi performed the claimed step of "coupling the control system in electronic data communication with at least a portion of the electrical machine" *inside the United States*;

---

[2] While GE presented testimony that Mitsubishi had the capability to make changes to the settings, it presented no evidence that the firmware in any of the accused turbines was installed or modified during commissioning, as Dr. Grady speculated it might be.

- 4 -

2. There is no evidence that Mitsubishi performed the claimed step of "coupling the control system in electronic data communication with at least a portion of the electrical machine" *during the term of the '705 patent*;

3. There is no evidence that Mitsubishi performed the claimed step of "configuring the electrical machine and the control system such that the electrical machine remains electrically connected to the electric power system . . . ." *inside the United States*; and

4. There is no evidence that Mitsubishi performed the claimed step of "configuring the electrical machine and the control system such that the electrical machine remains electrically connected to the electric power system . . . ." *during the term of the '705 patent*.

No reasonable jury could conclude based on GE's evidence that Mitsubishi infringes claim 1 of the '705 patent. Thus, Mitsubishi respectfully requests that the Court grant its motion, dismiss the jury, and enter a final judgment against GE.

Dated: March 5, 2012                    Respectfully submitted,


                                        By:   /s/ Lane Fletcher
                                        Vic H. Henry
                                        Texas Bar # 09484250
                                        vhhenry@hoaf.com
                                        Lane Fletcher
                                        Texas Bar # 07139300
                                        lanefletcher@hoaf.com
                                        HENRY ODDO AUSTIN & FLETCHER
                                        a Professional Corporation
                                        1700 Pacific Avenue, Suite 2700,
                                        Dallas, Texas 75201
                                        Telephone: (214) 658-1900
                                        Facsimile: (214) 658-1919

                                        Roger D. Taylor (admitted *pro hac vice*)
                                        Virginia L. Carron (admitted *pro hac vice*)
                                        Cortney Alexander (admitted *pro hac vice*)
                                        FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT & DUNNER, L.L.P.
                                        3500 SunTrust Plaza,
                                        303 Peachtree Street, N.E.,
                                        Atlanta, GA 30308-3263
                                        Phone: (404) 653-6400
                                        Facsimile: (404) 653-6444

                                        Thomas H. Jenkins (admitted *pro hac vice*)
                                        Thomas W. Winland (admitted *pro hac vice*)
                                        Naoki Yoshida (admitted *pro hac vice*)
                                        Jeffrey C. Totten (admitted *pro hac vice*)
                                        Tyler M. Akagi (admitted *pro hac vice*)
                                        FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT & DUNNER, L.L.P.
                                        901 New York Avenue, N.W.,
                                        Washington, D.C. 20001
                                        Phone: (202) 408-4000
                                        Facsimile: (202) 408-4400

                                        **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument has been served via hand delivery on counsel for GE in accordance with the Federal Rules of Civil Procedure on this the 5th day of March 2012.

                                                                              */s/ Lane Fletcher*
                                                                             Lane Fletcher