IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>MITSUBISHI HEAVY INDUSTRIES, LTD., and MITSUBISHI POWER SYSTEMS AMERICAS, INC.,<br><br>*Defendants*. | CIVIL ACTION NO. 3:10-CV-276-F<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW THAT
GE IS NOT ENTITLED TO LOST PROFIT DAMAGES, AND BRIEF IN SUPPORT**

Defendants Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc. (collectively, "Mitsubishi") move under Rule 50(a) of the Federal Rules of Civil Procedure for judgment as a matter of law that GE is not entitled to an award of lost profits for Mitsubishi's alleged infringement.[1]  The grounds for this motion are as follows:

1. GE has not established an adequate factual basis to allow the jury to award lost profits damages.

**ARGUMENT**

**I.   Law Applicable to GE's Lost Profits Damages Claim**

"In order to recover lost profits a patentee must show a reasonable probability that, but for the infringement, it would have made the sales that were made by the infringer." *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1326-27 (Fed. Cir. 1987).  Although it

---

[1] Under Rule 50(a)(1), the Court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."

- 1 -

may be appropriate to approximate the level of appropriate lost profit damages, "the damages may not be determined by mere speculation or guess." *Id.* Thus, to win a damages award of lost profits, GE must establish with a reasonable probability that "but for" Mitsubishi's infringement of the '705 patent, Mitsubishi's customers, Iberdrola and Edison Mission Energy ("EME"), would have purchased wind turbines from GE.[2]

## II.   GE Failed to Introduce Evidence Sufficient to Support an Award of Lost Profits

GE only seeks lost profit damages for Mitsubishi sales to two customers: Iberdrola and Edison Mission Energy. Thus, to prove that it lost profits due to infringement by Mitsubishi, GE must show that but for that infringement, GE would have made sales to those two customers. GE has not established that "but for" Mitsubishi's infringement, GE would have made any sales.

### A.   GE's expert witness failed to ask Mitsubishi's customers what they would have done if they could not use the ZVRT system in Mitsubishi's wind turbine

Although only two Mitsubishi customers are at issue in GE's allegations of lost profit damages, GE's expert witness did not talk to either of them in forming her opinion that they would have purchased GE wind turbines "but for" Mitsubishi's infringement. Davis Tr. (A.M.) 94:3-8, 95:13-16. Nor did GE ask either of Mitsubishi's two customers what they would have done if Mitsubishi were found to infringe—even though GE took both customers' depositions. Davis Tr. (A.M.) 94:13-17, 95:17-24. To "prevent the hypothetical," such as Ms. Davis has attempted to construct, "from lapsing into pure speculation, [the Federal Circuit] requires *sound economic proof* of the nature of the market and likely outcomes with infringement factored out of the economic picture." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185

---

[2] Mitsubishi does not infringe claim 1 of the '705 patent, but it assumes infringement solely for purposes of its damages case.

F.3d 1341, 1350 (Fed. Cir. 1999) (emphasis added).  Ms. Davis' testimony is based on pure speculation about a question that easily could have been answered directly, but for GE's and Ms. Davis' inexplicable decision not to ask.  Accordingly, GE has fallen far short of the Federal Circuit's standard of "sound economic proof" required for damages, and GE has not shown by a reasonable probability that it lost sales due to infringement by Mitsubishi.

> B. **Mitsubishi had a contractual right to cure infringement, which GE fails to address**

Mitsubishi's contracts with its customers expressly gave Mitsubishi the right to cure, in the event that its wind turbines were found to infringe:

> Seller shall first be afforded a reasonable opportunity . . . to diligently seek the discharge of any such [infringement] order as aforesaid, and at Seller's election forthwith: (i) modify the Wind turbines . . . ; (ii) procure for the Owner the right to use, or continue to use, the Wind Turbines . . . ; or (iii) substitute for any infringing equipment . . . other non-infringing equipment . . . .").

DTX-140 at 65 [MPSANDTX0002574] (Mitsubishi contract with Edison Mission Energy).  Even GE's expert witness, Ms. Davis, acknowledged Mitsubishi's right.  Davis Tr. (A.M.) 97:10-24.  Yet GE offered no evidence that Mitsubishi would have opted to release its customers from their contracts rather than cure its infringement.  Thus, GE has fallen short of the Federal Circuit's requirement that a lost profit analysis account for the actions that an *infringer* would have taken in the event of infringement:

> [A] fair and accurate reconstruction of the 'but for' market . . . must take into account . . . alternative actions the infringer foreseeably would have undertaken had he not infringed.  Without the infringing product, *a rational would-be infringer is likely to offer an acceptable non-infringing alternative*, if available, to compete with the patent owner rather than leave the market altogether.  The competitor in the 'but for' marketplace is hardly likely to surrender its complete market share when faced with a patent, if it can compete in some other lawful manner.

*Grain Processing*, 185 F.3d at 1350-1351.  Accordingly, because it fails to account for the actions that Mitsubishi would have taken in the "but for" marketplace—particularly in view of Mitsubishi's right to cure and the numerous non-infringing alternatives available (as noted below)—Ms. Davis's testimony is speculative, based on an improper hypothetical market, and provides an insufficient basis for the jury to find that lost profits damages are appropriate.

> C.  **GE's damages expert admitted that non-infringing alternatives existed**

Ms. Davis acknowledged that many non-infringing alternatives existed.  For example, Ms. Davis admits that there is a "substation solution" for ZVRT.  Davis Tr. (A.M.) 98:22-99:5.  Ms. Davis contends that the "substation solution" is "not necessarily acceptable" to customers, and argues that "I have certainly not seen any indication that Mitsubishi or Iberdrola or EME have considered it." *Id.*  But, as Ms. Davis admits, she never asked any of Mitsubishi's customers whether a substation solution would have been an acceptable non-infringing alternative. *Id.* 99:6-11.  Moreover, in addition to the "substation solution," Ms. Davis admits that there are a number of non-infringing alternative ZVRT solutions offered by GE's and Mitsubishi's wind turbine competitors, including Vestas, Siemens, Suzlon, Clipper, and Gamesa. *Id.* 101:7-23.  Thus, Ms. Davis concedes, at least "theoretically": "if Iberdrola and EME were going to purchase . . . in 2010, they had a number of options." *Id.* 101:24-102:2.  Yet Ms. Davis never even addressed whether Iberdrola or EME would have considered buying replacement wind turbines from Vestas, Siemens, or Clipper.  And Ms. Davis also never addressed whether EME would have considered buying replacement wind turbines from Suzlon or Gamesa.  Accordingly, for this additional reason, GE has failed to submit sufficient evidence to support a finding that "but for" infringement by Mitsubishi, GE—and not one of the numerous other wind turbine competitors—would have sold replacement wind turbines to EME and Iberdrola.

### III. Conclusion

Mitsubishi has established the following grounds, any one of which is sufficient to grant this motion:

1. GE has failed to establish an adequate factual basis to allow the jury to award lost profits damages, particularly because GE has offered only speculative evidence of what Mitsubishi's customers would have done if Mitsubishi's ZVRT system were infringing;

2. GE has failed to establish an adequate factual basis to allow the jury to find that Mitsubishi would have allowed its customers to purchase replacement wind turbines, rather than invoke its contractual right to cure any infringement; and

3. GE has failed to establish an adequate factual basis to allow the jury to find that Mitsubishi's customers would have purchased replacement wind turbines from GE, rather than acquiring a different non-infringing alternative.

No reasonable jury could conclude based on GE's evidence that GE is entitled to lost profits damages. Thus, Mitsubishi respectfully requests that the Court grant its motion, enter judgment against GE that it is not entitled to an award of lost profits, strike the jury instructions and verdict form questions relating to lost profits, and instruct the jury that GE is not entitled to an award of lost profits.

Dated:  March 5, 2012                              Respectfully submitted,

By:   */s/  Lane Fletcher*
Vic H. Henry
Texas Bar # 09484250
vhhenry@hoaf.com
Lane Fletcher
Texas Bar # 07139300
lanefletcher@hoaf.com
HENRY ODDO AUSTIN & FLETCHER
a Professional Corporation
1700 Pacific Avenue, Suite 2700,
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

Roger D. Taylor (admitted *pro hac vice*)
Virginia L. Carron (admitted *pro hac vice*)
Cortney Alexander (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
3500 SunTrust Plaza,
303 Peachtree Street, N.E.,
Atlanta, GA 30308-3263
Phone: (404) 653-6400
Facsimile: (404) 653-6444

Thomas H. Jenkins (admitted *pro hac vice*)
Thomas W. Winland (admitted *pro hac vice*)
Naoki Yoshida (admitted *pro hac vice*)
Jeffrey C. Totten (admitted *pro hac vice*)
Tyler M. Akagi (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.,
Washington, D.C. 20001
Phone: (202) 408-4000
Facsimile: (202) 408-4400

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument has been served via hand delivery on counsel for GE in accordance with the Federal Rules of Civil Procedure on this the 5th day of March 2012.

                                      */s/ Lane Fletcher*
                                      Lane Fletcher