IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY,** | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:10-CV-00276-F |
| **MITSUBISHI HEAVY INDUSTRIES, LTD., and MITSUBISHI POWER SYSTEMS AMERICAS, INC.,** | § § § § § | |
| *Defendants*. | § § | |

**PLAINTIFF'S OBJECTIONS TO COURT'S
[PROPOSED] CHARGE TO THE JURY**

Pursuant to Federal Rule of Civil Procedure 51(c)(1), Plaintiff General Electric Company ("GE") herein submits its objections to the Court's proposed Charge to the Jury.

**I. Instruction No. 3.4 (Anticipation)**

GE objects to the Court's exclusion of its proposed addition to the end of the "ready for patenting" paragraph, which reads: "[w]hen development and verification are needed in order to prepare a patent application that complies with the enablement requirement, the invention is not yet ready for patenting."

GE restates its basis for this instruction, which was originally set forth in the parties' joint proposed instructions submitted to the Court on March 4, 2012, but not made of record.

1

GE's proposed addition is taken essentially verbatim from *Space Systems/Loral, Inc. v. Lockheed Martin Corp.*, 271 F.3d 1076 (Fed. Cir. 2001), and provides a correct statement of the law on "ready for patenting" applicable to Mitsubishi's questioning of GE's inventors, Einar Larson and Sid Barker, and GE's expert, Dr. Mack Grady.

*Space Systems* stated that "when development and verification are needed in order to prepare a patent application that complies with § 112 [which includes the enablement requirement], the invention is not yet ready for patenting." 271 F.3d at 1080. That instruction, which explained the relevant portion of the Supreme Court's decision in *Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55 (1998), is squarely applicable and should be given here. *See also Honeywell Int'l v. Universal Avionics Sys. Corp.*, 343 F. Supp. 2d 272, 304 (D. Del. 2004) (no on-sale bar in view of necessary post-critical-date testing).

Statements made by Mitsubishi's counsel during opening statements and elsewhere during trial make this instruction necessary to avoid jury confusion. For example, Mitsubishi's counsel told the jury during its opening statement that "the law says you specifically look at, drawings. Not necessarily testing and diagrams." 2/28/12 Trial Tr. at 57:21-23. Mitsubishi's counsel continued: "There has been a lengthy misdirection here taking you into things such as testing. That's simply a diversion." *Id.* at 58:23-25.

During the meet-and-confer process among counsel and the Court, Mitsubishi cited several cases allegedly supporting its request to exclude GE's proposed instruction. *See Robotic Vision Sys., Inc. v. View Eng'g, Inc.*, 249 F.3d 1307 (Fed. Cir. 2001); *Finnsugar Bioprods., Inc. v. Amalgamated Sugar Co.*, 244 F. Supp. 2d 890 (N.D. Ill. 2002); *Netscape Commc'ns. Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544 (E.D. Va.

2

2010).  The evidence in these cases was very different than the evidence here, and none of the cases are contrary to GE's position.  This is not a case like *Robotic Vision* where there were mere expressions of skepticism by the inventors before the critical date (249 F.3d at 1312-13); like *Finnsugar* where the subsequent testing only established that the process performed better than expected (244 F. Supp. 2d at 893); or like *Netscape* where a junior engineer conceived of an idea that the senior engineer could readily reduce to practice (704 F. Supp. 2d at 563-64).  In this case there is evidence to support that development and verification were needed, and therefore this instruction is appropriate.

## II. Summary Judgment Orders and Judgment as a Matter of Law

For reasons set forth in GE's previous written submissions to the Court and for reasons set forth during trial, GE further objects to the following Court orders:[1]

(1) The Court's summary judgment ruling concerning U.S. Patent No. 6,879,055 [D.I. 456];

(2) The Court's summary judgment ruling concerning the commercial offer-for-sale requirement of 35 U.S.C. § 102(b)'s on-sale bar provision [ D.I. 453, 488]; and

(3) The Court's judgment as a matter of law on induced and contributory infringement.

---

[1] GE sets forth these objections generally, and to the extent they relate to the Court's proposed Charge to the Jury.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth by GE's counsel at the March 6, 2012 oral argument held pursuant to the Court's proposed Charge to the Jury, GE objects to the Court's exclusion of GE's proposed addition to the on-sale bar instruction. GE further objects to the Court's above-mentioned summary judgment orders and judgment as a matter of law on indirect infringement.

Date: March 7, 2012

Respectfully submitted,

s/ Carmen E. Bremer
T. Ray Guy
Texas Bar #08648500
Carmen E. Bremer
Texas Bar #24041009
WEIL GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
ray.guy@weil.com
carmen.bremer@weil.com

David Lender
Nicholas Sethi
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.lender@weil.com
nick.sethi@weil.com

Anish R. Desai
WEIL GOTSHAL & MANGES LLP
1300 Eye Street N.W.
Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
anish.desai@weil.com

Nicholas Groombridge
PAUL WEISS RIFKIND WHARTON & GARRISON
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
ngroombridge@paulweiss.com

**ATTORNEYS FOR PLAINTIFF GENERAL ELECTRIC COMPANY**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served on March 7, 2012 on all counsel of record via the Court's ECF system.

                                                       s/ Carmen E. Bremer
                                                          Carmen E. Bremer