IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 6 2012
CLERK, U.S. DISTRICT COURT
By _____
Deputy 5:32 p.m.

GENERAL ELECTRIC COMPANY,

*Plaintiff*,

v.

MITSUBISHI HEAVY INDUSTRIES, LTD., and MITSUBISHI POWER SYSTEMS AMERICAS, INC.,

*Defendants*.

CIVIL ACTION NO. 3:10-CV-276-F

**JURY TRIAL DEMANDED**

## MITSUBISHI'S OBJECTIONS TO FINAL JURY INSTRUCTIONS

Pursuant to Rule 51(c)(1), Defendants Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc. (collectively, "Mitsubishi") file these objections to the Court's proposed Charge to the Jury.[1]

**A.   Instruction No. 2.1 (The Meaning of Claim Terms)**

Mitsubishi objects to the Court's construction of claim 1 of the '705 patent as improper as a matter of Law. Mitsubishi reasserts the positions set forth in its claim construction briefing, motion for summary judgment, and motions for judgment as a matter of law.

**B.   Instruction No. 2.4 (Direct Infringement—Literal Infringement)**

Mitsubishi objects to the curative instruction that "[a] 'PLL State Machine' is not required to infringe claim 1." This curative instruction is unnecessary in view of the facts and

---

[1] Mitsubishi maintains its objections to the Court's preliminary jury instructions, as evidenced by prior submissions to the Court and related argument before the Court before the preliminary instructions were given to the jury.

- 1 -

evidence in the trial record. And the instruction acts as a *de facto* claim construction, without affording Mitsubishi the ability to be heard on the proper interpretation of the claim.

Mitsubishi further objects to the direct infringement instruction for including specific reference to the act of commissioning wind turbines. This instruction is both unnecessary in view of the facts presented at trial and prejudicial to Mitsubishi.

### C.  Instruction No. 3.2 (Written Description)

Mitsubishi objects to this instruction as failing to require that the description of the invention demonstrate that the applicant possess the invention as broadly as claimed in the patent's claims. *See LizardTech, Inc. v. Earth Resource Mapping, Inc*, 424 F.3d 1336, 1344046 (Fed. Cir. 2005). In the parties' February 20, 2012, submission to the Court, Mitsubishi suggested alternate language comporting with applicable precedent requiring a detailed description of the full scope of the claim. Mitsubishi respectfully asks the Court to submit Mitsubishi's proposed instruction regarding the written description requirement—previously submitted to the Court on February 20, 2012—to the jury.

### D.  Instruction No. 3.3 (Enablement)

Mitsubishi objects to this instruction as failing to require that the patent enable the full scope of the claim, as required by applicable precedent such as *LizardTech, Inc. v. Earth Resource Mapping, Inc*, 424 F.3d 1336, 1344046 (Fed. Cir. 2005). As discussed in the parties' February 20, 2012, submission to the Court, Mitsubishi suggested alternate language comporting with applicable precedent requiring enablement of the full scope of the claim. Mitsubishi respectfully asks the Court to submit Mitsubishi's proposed instruction regarding enablement—previously submitted to the Court on February 20, 2012—to the jury.

### E. Instruction No. 3.4 (Anticipation)

Mitsubishi objects to this instruction because it does not fully reflect the law of the case. The Court has concluded that, as a matter of law, GE's invention was offered for sale more than one year before the filing of the '705 patent. The instruction mentions only one prong of the on-sale bar, without making the jury aware that the claimed invention was on sale before the critical date. Mitsubishi respectfully asks the Court to submit Mitsubishi's proposed instruction regarding the on-sale bar—previously submitted to the Court on February 20, 2012—to the jury.

### F. Instruction No. 4.1 (Damages—Generally)

Mitsubishi objects to this instruction for failing to limit damages to acts of infringement occurring after Mitsubishi received actual notice of the patent-in-suit. For the reasons stated in Mitsubishi's motion *in limine* on pre-suit damages, GE is not entitled to damages arising out of acts performed before service of the complaint. Mitsubishi respectfully asks the Court to submit Mitsubishi's proposed instruction regarding the beginning of damages—previously submitted to the Court on February 20, 2012—to the jury.

### G. Instruction Regarding Reexamination of the Asserted Patent

Mitsubishi objects to the instructions for failing to provide instructions regarding the reexamination of the '705 patent. An instruction regarding reexamination is appropriate given the patent office's recognition that several claims of the '705 patent—including the sole claim at issue in this case—are invalid over printed prior art. Mitsubishi respectfully asks the Court to submit Mitsubishi's proposed instruction regarding reexamination of the '705 patent—previously submitted to the Court on February 20, 2012—to the jury.

### H. Submission of Infringement, Invalidity, and Lost Profits to the Jury

Mitsubishi further objects to submitting the questions of invalidity, infringement, and lost profit damages to the jury. As set forth in Mitsubishi's motion for summary judgment regarding

the '705 patent, as well as Mitsubishi's motions for judgment as a matter of law, claim 1 of the '705 patent is invalid as a matter of law. Further, as set forth Mitsubishi's motions for summary judgment and judgment as a matter of law, claim 1 is not infringed by Mitsubishi and GE has failed to present evidence sufficient to prove infringement or lost profits at trial. Mitsubishi objects to the submission of these questions to the jury.

The invalidity of claim 1 and the lack of infringement by Mitsubishi are each case dispositive. Accordingly, Mitsubishi respectfully objects to the submission of the case to the jury.

Dated: March 6, 2012                                    Respectfully submitted,

By: _____
Vic H. Henry
Texas Bar # 09484250
vhhenry@hoaf.com
Lane Fletcher
Texas Bar # 07139300
lanefletcher@hoaf.com
HENRY ODDO AUSTIN & FLETCHER
a Professional Corporation
1700 Pacific Avenue, Suite 2700,
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

Roger D. Taylor (admitted *pro hac vice*)
Virginia L. Carron (admitted *pro hac vice*)
Cortney Alexander (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
3500 SunTrust Plaza,
303 Peachtree Street, N.E.,
Atlanta, GA 30308-3263
Phone: (404) 653-6400
Facsimile: (404) 653-6444

Thomas H. Jenkins (admitted *pro hac vice*)
Thomas W. Winland (admitted *pro hac vice*)
Naoki Yoshida (admitted *pro hac vice*)
Jeffrey C. Totten (admitted *pro hac vice*)
Tyler M. Akagi (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.,
Washington, D.C. 20001
Phone: (202) 408-4000
Facsimile: (202) 408-4400

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been served via hand delivery on all known counsel of record in accordance with the Federal Rules of Civil Procedure on this the 6th day of March 2012.

_/s/ Jeffrey C. Tinkler_