

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | § | |
| Plaintiff, | § | |
| | § | CIV. ACTION NO. 3:10-CV-276-F |
| v. | § | |
| | § | |
| MITSUBISHI HEAVY INDUSTRIES, | § | |
| LTD. ET AL., | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OF NON-INFRINGEMENT

BEFORE THE COURT is Defendants Mitsubishi Heavy Industries, Ltd.'s and Mitsubishi Power Systems Americas, Inc.'s (collectively "Mitsubishi") Motion for Judgment as a Matter of Law, argued after Plaintiff General Electric ("GE") rested its case on March 5, 2012 (Doc. No. 517). GE filed a Response the same day (Doc. No. 519). As ruled from the bench, Defendants' Motion is DENIED.[1]

Mitsubishi argues it is entitled to judgment as a matter of law because GE failed to meet its burden of proving that the accused turbines infringe each element of claim 1 of U.S. Patent 7,629,705 (the "'705 patent"). Claim 1 describes "a method for operating an electrical machine." '705 patent, col. 11:41. The patented method requires "configuring the electrical machine and the control system such that the electrical machine remains electrically connected to the electric power system." *Id.* at col. 11:41-67. The Court construed this phrase as "setting up the electrical machine and the control system such that the machine remains electrically connected to the electric power system." Ct.'s Claim Construction Order 15, May 9, 2011 (Doc. No. 155).

---

[1] This resolves Doc. No. 517.

Mitsubishi correctly points out that judgment of non-infringement as a matter of law is appropriate where components of method claims are performed outside of the United States and/or outside the term of the patent. *Monsanto Co. v. Syngeta Seeds, Inc.*, 503 F.3d 1352, 1354 (Fed. Cir. 2008), *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005). Mitsubishi contends that GE has offered no evidence tending to prove that the electrical machine was "configure[ed]" with the control system "inside the United States," and "during the term of the '705 patent." Defs.'Mot., at 3–4. Mitsubishi argues for the first time in this litigation that it does not infringe because the "configuring" step of claim 1 was actually performed when the computer software used in the invention was embedded on the chip, which occurred outside of the United States and before the patent issued.

The Court is persuaded by counsel for GE's argument in response to Mitsubishi's Motion:

> we have . . . a fundamental disagreement between the parties about what things like configuring mean. [Mitsubishi] say[s] it means when somebody in Spain puts that . . . computer code on a chip. We say, no, it's a method of operating the wind turbine. What it means is the software may be embedded in the chip, but it doesn't configure until you turn the thing on, power it up, and just like computer, it boots up.

Trial Tr. at 39, March 5, 2012.

As explained in the Court's Claim Construction Order, the "configuring" language of the '705 patent refers to setting up the electrical machine and control system in relation to the power grid. It is undisputed that Mitsubishi installed the accused turbines and connected them to the grid in the United States after the patent issued. Accordingly, the

2

Court finds as a matter of law that if the jury determines that the accused turbines practice each step of the method described by claim 1 of the '705 patent, each such step was performed in the United States and within the term of the patent. Therefore, Defendants' Motion for Judgment as a Matter of Law is DENIED.

IT IS SO ORDERED.

SIGNED this 8th day of March, 2012.

*Royal Furgeson*
Royal Furgeson
Senior United States District Judge