

```
                                            U.S. DISTRICT COURT
                                         NORTHERN DISTRICT OF TEXAS
                                                  FILED

                                               MAR - 8 2012

                                         CLERK, U.S. DISTRICT COURT
                                         By _____
                                                        Deputy 5:15 p.m.
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br>Plaintiff,<br><br>v.<br><br>MITSUBISHI HEAVY INDUSTRIES,<br>LTD. ET AL.,<br>Defendants. | §<br>§<br>§  CIV. ACTION NO. 3:10-CV-276-F<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO INDIRECT INFRINGEMENT

BEFORE THE COURT is Defendants Mitsubishi Heavy Industries, Ltd.'s and Mitsubishi Power Systems Americas, Inc.'s (collectively "Mitsubishi") Motion for Judgment as a Matter of Law of No Indirect Infringement, argued after Plaintiff General Electric ("GE") rested its case on March 5, 2012 (Doc. No. 516). GE filed a Response the same day (Doc. No. 520). As ruled from the bench, Defendants' Motion is GRANTED.[1]

Mitsubishi correctly points out that in order to prove indirect infringement, GE must establish that a third party directly infringed the '705 patent. *See ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007). Mitsubishi argues that it is entitled to judgment as a matter of law of no indirect infringement because "GE has offered no evidence that Mitsubishi's customers, or any party other than

---

[1] This resolves Doc. No. 516.

Mitsubishi, directly infringes claim 1 of the '705 patent." Defs.' Mot., at 1. GE responds that it has presented evidence that the companies that purchased the accused turbines from Mitsubishi directly infringed the '705 patent by restoring operation of those turbines after power outages.

Claim 1 describes "a method for operating an electrical machine." '705 patent, col. 11:41. The patented method requires "configuring the electrical machine and the control system such that the electrical machine remains electrically connected to the electric power system." *Id.* at col. 11:41-67. The Court construed this phrase as "setting up the electrical machine and the control system such that the machine remains electrically connected to the electric power system." Ct.'s Claim Construction Order 15, May 9, 2011 (Doc. No. 155).

As explained in the Court's Claim Construction Order, the "configuring" language of the '705 patent refers to setting up the electrical machine and control system in relation to the power grid. The Court is of the opinion that physically connecting the electrical machine to the power grid is required to "set[] up the electrical machine and the control system" as described in claim 1. GE does not dispute that Mitsubishi was the only party that physically connected the accused wind turbines to the power grid at its customers' wind farms. Therefore, the Court finds that there is no genuine issue of material fact with respect to whether Mitsubishi's customers directly infringed the patent and Mitsubishi is entitled to judgment as a matter of law of no indirect infringement.

2

Accordingly, Defendants' Motion for Judgment as a Matter of Law of No Indirect Infringement is GRANTED.

IT IS SO ORDERED.

SIGNED this 8th day of March, 2012.

_____
Royal Furgeson
Senior United States District Judge